1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLARENCE BRUCE JOHNSON,

                Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

              Defendant.

CASE NO. 13-cv-05742 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 12, 16, 17).

After considering and reviewing the record, the Court finds that the ALJ erred when reviewing the medical evidence from examining doctor, Dr. Heilbrunn. Although the ALJ found that Dr. Heilbrunn relied on plaintiff's subjective statements, the record

demonstrates otherwise. Similarly, although the ALJ found that plaintiff's activities demonstrated that he could function greater than he alleged, none of the activities noted by the ALJ are inconsistent with Dr. Heilbrunn's opinion.

Therefore, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for discounting Dr. Heilbrunn's opinion; this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

<u>BACKGROUND</u>

Plaintiff, CLARENCE BRUCE JOHNSON, was born in 1959 and was 50 years old on the alleged date of disability onset of January 10, 2010 (*see* Tr. 191-92). Plaintiff attended school to the seventh grade and obtained his GED while in prison (Tr. 48). Plaintiff owned and operated a recycling business until he became unable to work (Tr. 48-51, 203).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease and restless leg syndrome (20 CFR 404.1520(c))" (Tr. 22).

At the time of the hearing, plaintiff was living in a rental house (Tr. 56).

<u>PROCEDURAL HISTORY</u>

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 96-105, 109-115, 191-92). Plaintiff's requested hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on February 27, 2012 (*see* Tr. 34-85). On March 22, 2012, the ALJ issued a written decision in which she

1   concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.17-

2   33).

3       In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or

4   not the ALJ erred in evaluating the medical opinion source evidence in the record; (2)

5   Whether or not the ALJ erred in assessing the plaintiff's credibility and pain testimony;

6   (3) Whether or not the ALJ erred when evaluating plaintiff's past relevant work; and (4)

7   Whether or not the ALJ erred by failing to consider the effects of plaintiff's medication

8   on his ability to work (*see* ECF No. 12, pp. 1-2).

9
                          STANDARD OF REVIEW
10
11      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

12  denial of social security benefits if the ALJ's findings are based on legal error or not

13  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

14  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

15  1999)).

16
                             DISCUSSION
17
    (1)     **Whether or not the ALJ erred in evaluating the medical opinion source**
18          **evidence in the record**.

19      Plaintiff contends that the ALJ erred by rejecting the opinions of Dr. Mark

20  Heilbrunn, M.D., who examined plaintiff on March 8, 2011 (*see* Tr. 245-51). Although

21  plaintiff contends that Dr. Heilbrunn's opinion is uncontradicted, his opinion is

22  contradicted by the opinion of the state agency medical consultant, nonexamining

23  physician, Dr. Norman Staley, M.D. (*see* Tr. 101-03).

24

ORDER ON PLAINTIFF'S COMPLAINT - 3

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). But when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Although defendant contends that the ALJ rejected Dr. Heilbrunn's opinion because it was inconsistent with plaintiff's subjective statements to Dr. Heilbrunn, the ALJ made no such finding. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

While an ALJ can reject an opinion if it based entirely on plaintiff's subjective reports, Dr. Heilbrunn did not rely entirely on plaintiff's subjective reports. Plaintiff reported to Dr. Heilbrunn that he was not limited in sitting other than positional changes (*see* Tr. 246). Nevertheless, Dr. Heilbrunn concluded that plaintiff only could sit for a total of five hours in an eight hour workday. The ALJ incorrectly stated that he

1  discounted Dr. Heilbrunn's opinion in part by finding that the "unremarkable objective

2  findings noted on examination" demonstrated that Dr. Heilbrunn relied to some extent on

3  plaintiff's subjective description of his symptoms and limitations (*see* Tr. 28). However,

4  it is clear from a review of the record that Dr. Heilbrunn did not rely on plaintiff's

5  subjective statements for his opinion limiting plaintiff to sitting for a total of five hours in

6  an eight hour workday, as plaintiff reported to Dr. Heilbrunn that he was not limited in

7  sitting other than positional changes (*see* Tr. 246). Had Dr. Heilbrunn relied on plaintiff's

8  subjective statements as opposed to his own observation and review of objective

9  evidence, Dr. Heilbrunn would have opined that plaintiff had no limitations on sitting

10  other than the need to change position. Therefore, to the extent that the ALJ found that

11  Dr. Heilbrunn relied on plaintiff's subjective reports for his opinion that plaintiff only

12  could sit for a total of five hours in an eight hour workday, this finding is not based on

13  substantial evidence in the record as a whole.

14

15       In addition, the Court concludes that the ALJ appears to have provided her own

16  interpretation of Dr. Heilbrunn's examination results by characterizing them as

17  "unremarkable" (*see* Tr. 28). However, as noted by plaintiff:

18
19       Dr. Heilbrunn noted midline and paraspinous tenderness of the spine and
         postural range of motion limitation of the lumbar spine (internal citation
20       to Tr. 520). The range of motion of the lumbar spine was significantly
         limited. Dr. Heilbrunn noted that the claimant's flexion was 15 degrees.
21       Normal flexion of the lumbar spine is 90 degrees. (Internal citation to
         *Scivally v. Sullivan*, 966 F.2d 1070, 1073 fn.1 (7th Cir. 1992)).

22  (Opening Brief, ECF No. 12, p. 5).

23

24

1    Plaintiff's characterization of the record is accurate, as Dr. Heilbrunn noted

2   tenderness on examination, as well as spinal flexion of 15 degrees (*see* Tr. 248-49). The

3   Court concludes that the ALJ's provision of her own interpretation of Dr. Heilbrunn's

4   examination results as "unremarkable" does not provide support for her determination to

5   not credit fully Dr. Heilbrunn's opinion that plaintiff could sit for only five hours in an

6   eight hour work day. An ALJ must explain why her own interpretations, rather than those

7   of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing*

8   *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

9        The only other reason provided by the ALJ for her failure to credit fully Dr.

10  Heilbrunn's opinions was that plaintiff's activities "support greater functioning than

11  alleged, particularly with regard to the claimant's ability to perform sitting" (*see* Tr. 28).

12  This appears to be a justification for failing to credit Dr. Heilbrunn's opinion because of

13  the ALJ's previous finding that his opinion was based on plaintiff's subjective reports.

14  However, as discussed, such a finding by the ALJ is not supported by substantial

15  evidence in the record.

16       In addition, the ALJ's reference to plaintiff's activities does not encompass a

17  legitimate reason for her failure to credit fully Dr. Heilbrunn's opinion, as none of the

18  activities mentioned by the ALJ demonstrate that plaintiff is capable of sitting for more

19  than five hours within the context of an eight hour workday. Even if plaintiff's credibility

20  was not credited fully, the ALJ nevertheless must provide specific and legitimate reasons

21  for rejecting an examining doctor's opinion, especially in the situation such as this one, in

22  which the doctor provides independent observations in support of his opinion.

For the reasons stated and based on the relevant record, the Court concludes that the ALJ did not provide specific and legitimate reasons based on substantial evidence in the record as a whole for her failure to credit fully Dr. Heilbrunn's opinion. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Here, the ALJ failed to credit Dr. Heilbrunn's opinion that plaintiff could sit for only five hours in an eight hour work day, and instead found that plaintiff could sit for six hours in an eight hour work day in her residual functional capacity [RFC] analysis (*see* Tr. 24). The ALJ's step four and step five findings were based on this RFC, and as the steps four and five findings may be different when based on an RFC that includes a sitting limitation to less than six hours in an eight hour workday, this matter must be evaluated anew.

(2)    **Whether or not the ALJ erred in assessing the plaintiff's credibility and pain testimony**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter, as should any allegations of side effects from medication.

1

(3)     **Whether or not the ALJ erred by treating the plaintiff's past relevant "composite job" work as a recycling yard operator as two separate jobs and then finding him capable of performing the least demanding job**.

2

3

4      Similarly, as this matter must be reversed and remanded for further consideration

5  of the medical evidence, *see supra*, section 1, steps four and five of the sequential

6  disability evaluation process must be completed anew, as necessary, and the remaining

7  contentions of plaintiff will not be discussed.

8                                   <u>CONCLUSION</u>

9      The ALJ erred when reviewing the medical evidence provided by examining

10 doctor, Dr. Heilbrunn.

11     Based on this reason and the relevant record, the Court **ORDERS** that this matter

12 be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

13 the Acting Commissioner for further consideration.

14     **JUDGMENT** should be for plaintiff and the case should be closed.

15 Dated this 7th day of July, 2014.

16

17

18 J. Richard Creatura
   United States Magistrate Judge

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 8