1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

CLARENCE BRUCE JOHNSON,

9                              Plaintiff,

CASE NO. 13-cv-05742 JRC

10              v.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

11   CAROLYN W COLVIN, Acting
     Commissioner of the Social Security
12   Administration,

13                             Defendant.

14

15          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

16   Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

17   and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6).

18   This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §

19   406(b) (*see* Dkt. 23). Defendant has no objection to plaintiff's request (*see* Dkt. 24).

20          The Court may allow a reasonable fee for an attorney who represented a Social Security

21   Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

22   excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

23   *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

24   to such agreement and will conduct an independent review to assure the reasonableness of the

1 fee requested, taking into consideration the character of the representation and results achieved.

2 *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

3 fee agreement is the primary means for determining the fee, the Court will adjust the fee

4 downward if substandard representation was provided, if the attorney caused excessive delay, or

5 if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

6 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

7        Here, the representation was standard, at least, and the results achieved excellent (*see*

8 Dkt. 23, Attachments 4, 5). *See Grisbrecht, supra*, 535 U.S. at 808.  Following a remand from

9 this Court (*see* Dkt. 18), a hearing was held and the Administration Law Judge issued a partially

10 favorable decision awarding benefits to plaintiff (*see* Dkt. 23, Attachment 5). There has not been

11 excessive delay and no windfall will result from the requested fee.

12        Plaintiff's total back payment was $39,344.90 (*see id.*, Attachment 4). Plaintiff has

13 moved for an attorney's fee of $3,836.22 (*see* Motion, Dkt. 23, p. 1), and the Court has

14 considered plaintiff's EAJA award previously received by plaintiff's attorney in the amount of

15 $5,538 (*see id.* p. 2*; see also* Dkt. 23, Attachment 6). *See Parish v. Comm'r. Soc. Sec. Admin.*,

16 698 F.3d 1215, 1221 (9th Cir. 2012).

17        Based on plaintiff's motion and supporting documents (*see* Dkt. 23, Attachments 1, 2, 3,

18 4, 5, 6), and with no objection from defendant (Dkt. 24), it is hereby ORDERED that attorney's

19 fees in the amount of $3,836.22 be awarded to plaintiff's attorney pursuant to 42 U.S.C. §

20 406(b).

21        Dated this 10th day of March, 2016.

22

23                           _____

24                           J. Richard Creatura
                          United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2